IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| DANNY HALL | CASE NO. 11-03139-EE |
| JUDY HALL | |
|     Debtors | |

| | |
|---|---|
| EILEEN N. SHAFFER, TRUSTEE | PLAINTIFF |
| vs. | ADVERSARY PROCEEDING NO. _____ |
| DANNY HALL and | |
| JUDY HALL | DEFENDANTS |

### TRUSTEE'S COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS

**COMES NOW, Eileen N. Shaffer**, Trustee, by and through her attorney, and files this *Complaint Objecting to Discharge of Debtors* pursuant to 11 U.S.C. §§727(a)(2)(B) and 727(a)(4)(A), in the above named and numbered bankruptcy proceeding, and in support thereof, would show the following:

### Jurisdiction

1.  This action is a core proceeding over which the Court has jurisdiction under 28 U.S.C. §§157(b) and 1334, U.S.C. §727, Bankruptcy Rules 4007 and 7001 et seq., and the order granting automatic reference to this Court.

### Parties

2.  That on September 8, 2011, Danny Hall and Judy Hall ("**Debtors**") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. That on April 1, 2014, an Order [**Dkt. No. 404**] was entered converting this case to a Chapter 7 bankruptcy proceeding.

3.  That Eileen N. Shaffer, the Plaintiff, is the Trustee ("**Trustee**") of the Debtors.

1

4.     That the Defendant, Danny Hall, is an adult resident of Rankin County, Mississippi, and may be served with process at his address of 521 Holly Bush Road, Brandon, Mississippi 39047.

5.     That the Defendant, Judy Hall, is an adult resident of Rankin County, Mississippi, and may be served with process at her address of 521 Holly Bush Road, Brandon, Mississippi 39047.

## Facts

### I. FAILURE TO DISCLOSE ASSETS

A.    **Estate of Betty M. Brassell**

6.     That Betty Massengale Brassell (**"Brassell"**), Judy Hall's mother, died on August 19, 2010. Pursuant to 11 U.S.C. §541(a)(1), Judy Hall's interest in her mother's estate was property of her Bankruptcy Estate when she filed her bankruptcy petition on September 8, 2011.

7.     The Estate of Betty M. Brassell, Deceased (**"Brassell Estate"**) was opened in the Chancery Court of Rankin County, Mississippi (**"Chancery Court"**) on November 1, 2010, being *Cause No. 69810*.

8.     Counsel for the Brassell Estate, has asserted in pleadings filed with the Chancery Court that the "title to real estate vests in the heirs at death. . ." *Response to Petition for Removal of Executrix C.T.A. and for Inventory, Accounting and Other Relief* [Dkt. No. 14, paragraph 8] filed in Chancery Court.

9.     Pursuant to Brassell's Will, Judy Hall inherited one-third (⅓) of Brassell's real property, along with her two siblings, Joe Ben Brassell and James Brassell. A true and correct of the probated Will is attached hereto and incorporated herein at **Exhibit "A"**.

10.    On September 8, 2011, the date that the Halls filed their bankruptcy, Judy Hall

2

had a one-third (⅓) interest in real property identified by pleadings filed in the Chancery Court as follows:

> 2 Lots on Old Brandon Road;[1]
> Residence at 4211 Lakeshore Dr., Pearl, MS 39208;
> Green Building - Pearson Rd., Pearl, MS 39208;
> Easement property - Pearson Rd., Pearl, MS 39208;
> Parking lot to Green Building - Pearson Rd., Pearl, MS 39208; and
> 1.04 acres which includes a cell tower, Pearson Rd., Pearl, MS 39208

11. That on October 4, 2011, the Halls filed with the Bankruptcy Court their Bankruptcy Schedules and Statement of Financial Affairs, both signed under the penalty of perjury. The real estate described above, is not disclosed on Schedule A [**Dkt. No. 35**]. A true and correct copy of Schedule A is attached hereto and incorporated herein as **Exhibit "B"**.

12. Although one could argue that since the real property in the Brassell Estate was not yet titled in Judy Hall's name, her interest should have then been disclosed on Schedule B[2] of her bankruptcy schedules. Judy Hall's interest in the Brassell Estate is not listed on Schedule B [**Dkt. No. 35**]. A true and correct copy of Schedule B is attached hereto and incorporated herein as **Exhibit "C"**.

13. An additional asset of the Brassell Estate was a Cell Tower Lease, which generated income during the pendency of this bankruptcy proceeding.

14. On November 6, 2012, Judy Hall established an account at M & F Bank, now known as Renasant Bank, styled *The Estate of Betty M. Brassell,* account no. ****9375 ("Brassell Estate Bank Account"). The account was opened with an initial deposit of $10,368.00 appears to have been rental income from the cell tower. It is important to note that this account

---

[1] There is a sale pending on these two (2) lots for a purchase price of $50,616.84.

[2] Hall's interest in the real property or the Brassell Estate, was not disclosed when the case was converted to a Chapter 7, and there have been no amendments to Schedules A or B.

3

was opened approximately twenty-six (26) months after Mrs. Brassell's death, and during the pendency of the Halls' Chapter 11 bankruptcy proceeding.

15. On or about February 21, 2013, Judy Hall individually and as Executrix of the *Estate of Betty M. Brassell*, James A. Brassell and Joe B. Brassell executed an Assignment of Lease with Global Signal Acquisitions IV for a tower site lease. A true and correct copy of the Assignment of Lease is attached hereto and incorporated herein as **Exhibit "D"**.

16. That not only did Judy Hall have an interest in the property transferred to Global Signal Acquisitions IV through her mother's estate, but the Title Insurance on said property also showed that Judy Hall, along with Joe Brassell, owned an additional tract involved in the transaction, individually[3]. A true and correct copy of the legal description of said property is attached hereto and incorporated herein as **Exhibit "E"**.

17. That Judy Hall, individually and as Executrix of the Estate of Betty M. Brassell, James Brassell and Joe B. Brassell also executed a Grant of Easement regarding the cell phone tower site. A true and correct copy of said Easement is attached hereto and incorporated herein as **Exhibit "F"**.

18. That the consideration for the Assignment of Lease and the Grant of Easement, Global Signal Acquisitions IV, LLC paid to the Estate of Betty Brassell, Judy Hall, James A. Brassell and Joe B Brassell was in the gross amount of $180,000.00. The following amounts were deducted:

| | |
|---|---|
| Base proration: | $ 2,840.55 |
| James Brassell IRS Tax Lien: | $ 16,406.82 |
| James Brassell Healthcare Judgment: | $ 4,880.50 |
| Rankin County Tax Collector: | $ 703.75 |

---

[3] This tract of property that was owned by Hall at the time the bankruptcy petition was filed was also not disclosed on Schedule A.

|   |   |
|---|---|
| Legal Fees (general): | $ 3,373.60 |
| Legal Fees (liens) | $ 2,791.50 |
| Net paid to Estate: | $149,003.28 |

A true and correct copy of the Seller's Statement is attached hereto and incorporated herein as **Exhibit "G"**.

19. That on February 20, 2013, Judy Hall signed and had notarized, an Owner's Affidavit regarding the property located at 3098 Pearson, Pearl, Mississippi, 3920-B. A true and correct copy of the Owner's Affidavit is attached hereto and incorporated herein as **Exhibit "H"**.

20. That paragraph one of the Owner's Affidavit asserted that Judy Hall was an owner of the property.

21. That on or about February 20, 2013, Judy Hall executed an Escrow Agreement regarding the sale of the perpetual easement on said property. A true and correct copy of the Escrow Agreement is attached hereto and incorporated herein as **Exhibit "I"**.

22. That Judy Hall, as Executrix of the Brassell Estate did not obtain Chancery Court approval for said lease.

23. That Judy Hall did not obtain Bankruptcy Court approval for the transfer of the tract that she personally owned.

24. That the net proceeds from the perpetual easement of $149,003.28 was deposited into the Brassell Estate Account on February 22, 2013.

25. That as Executrix of the Brassell Estate, Judy Hall made numerous expenditures from the Brassell Estate Account, to and on behalf of herself and her brothers, Joe Ben Brassell and James Brassell. None of the disbursements were approved by the Chancery Court.

26. Upon learning of the substantial disbursements Judy Hall was making from the Estate account, and that she was co-mingling funds, PriorityOne Bank and the Trustee filed

petitions with the Chancery Court to have Judy Hall removed as Executrix[4].

27.     The Halls filed a *Response to Petition for Removal of Executrix, C.T.A., and for Inventory, Accounting and Other Relief* [Chancery Court, Dkt. No. 14] on the eve of the hearing to remove Judy Hall as Executrix. It is apparent that at best, the accounting is a **partial** reconciliation of the estate account. A true and correct copy of the *Response to Petition for Removal of Executrix, C.T.A, and for Inventory, Accounting and Other Relief* filed on behalf of Judy Hall, Joe Ben Brassell and James Alton Brassell with the Chancery Court is attached hereto and incorporated herein as **Exhibit "J"**.

28.     This accounting is further evidence of Hall's attempt to mislead the Chancery Court and the Bankruptcy Court, and to not disclose assets of the Bankruptcy Estate that existed during the pendency of a Chapter 11. The continued failure of transparency by the Halls, is best exemplified by a complete accounting of the Brassell Estate Account, a copy of which is attached hereto and incorporated herein as **Exhibit "K"**.

29.     That as a result of Hall's actions as Executrix, an *Order Removing Executrix* was entered on December 8, 2014, *nunc pro tunc* to November 19, 2014. A true and correct copy of said Order is attached hereto and incorporated herein as **Exhibit "L"**.

30.     That on December 2, 2014, Paul E. Rogers, Esquire was appointed as Substitute Administrator C.T.A. A true and correct copy of said Order is attached hereto and incorporated herein as **Exhibit "M"**.

B.     **Earline Wolfe Greynolds and Maxine M. Brassell Trusts**

31.     That after the Halls filed their Chapter 11 bankruptcy proceeding, Judy Hall became the beneficiary of two aunts' Trusts, the *Earline Wolfe Greynolds Trust* dated October

---

[4] It should be noted that James Brassell, Judy Hall's brother, filed his own Petition for Accounting, for Bond, for Removal of Executrix, C.T.A. for Temporary Restraining Order and for other relief on November 7, 2011. This Petition was subsequently rescinded.

21, 1998 and the *Maxine M. Brassell Trust* dated October 21, 1998.

32.  Although Judy Hall's interest in these Trusts was established after she filed her Chapter 11 proceeding, it was obtained during the pendency of the Chapter 11. Her interest was not disclosed during the Chapter 11 proceeding, not in the Monthly Operating Reports and not disclosed when the case was converted to a Chapter 7. The Trustee and PriorityOne Bank have filed an Adversary Proceeding styled as *Eileen N. Shaffer Trustee and PriorityOne Bank v. Danny Hall, Judy Hall, Joe Ben Brassell and James Brassell, Adversary Proceeding No. 14-00027-EE* to determine that these Trusts are property of the Bankruptcy Estate.

C.  **Stocks and Accounts**

33.  During the pendency of the Chapter 11 Danny and Judy Hall purchased the following stocks[5]:

   a.  Phillip Morris
   b.  MetLife
   c.  Exxon Mobile
   d.  Altria
   e.  Mondelez International
   f.  Kraft Foods Group, Inc

34.  During the pendency of the Chapter 11, the Halls also transferred the following monies to a Barclays Bank account:

   March 24, 2014:    $ 5,000.00
   April 4, 2014:     $10,000.00
   April 28, 2014:    $50,000.00
   April 30, 2014:    $50,000.00
   May 1, 2014:       $50,000.00
   May 22, 2014:      $50,000.00

35.  That immediately following the conversion to a Chapter 7, the Halls transferred the following funds from *The Estate of Betty M. Brassell* to their Ford Interest Advantage Account:

---

[5]These are in addition to the shares of stock that the Halls did disclose in their Schedules.

7

        March 5, 2014      ck. no. 1027    $10,000.00
        April 21, 2014     ck. no. 1045    $40,000.00

36.    That these stocks, and accounts were not disclosed on the Debtors' Monthly Operating Reports, nor at the 341(a) hearings.

D.    **<u>Vehicle</u>**

37.    It appears that a Ford F-150 was purchased by Judy Hall, but titled in the name of James Brassell. This is supported by the testimony of Judy Hall and James Brassell at their 2004 examinations.

38.    Testimony of Judy Hall at her 2004 Examination on November 11, 2014 is as follows:

    Trustee questioned:

Q    Okay. And then there's a payment of $13,281 to Jim Brassell.

A    Right. And as we were told, that the money was ours to do with whatever we needed to do, it was not part of the bankruptcy estate, it was to purchase a vehicle.

Q    Okay. And what vehicle was purchased?

A    A truck.

Q    What type of truck?

A    It's a Ford F150.

Q    And whose name is that truck titled in?

A    My brother's.

Q    And was there one vehicle purchased with that money or two?

A    One.

Q    And have you made a disbursement to your brother whereby you've purchased a vehicle - two vehicles?

A    No.

Q   Okay. Were you aware that his deposition was taken - let's see.

A   He purchased two vehicles. I didn't.

Q   Okay. And was one of those put in your name?

A   No.

Q   Are you driving one of those vehicles?

A   I am driving the Ford F 150.

Q   Okay.

A   Our other cars were repossessed.

Q   But you did write a check to your brother for the purchase of a vehicle that you are now driving. Is that correct?

A   That's right. Yes.

Q   And then the next check is in the amount of $301.47?

A   He bought the tag, and I paid him for the tag.

Q   Okay. And is that for the 150 that you're driving, the Ford 150?

A   It is.

Q   And then -

A   I also pay him the insurance as well.

(Page 105, Line 15 through Page 107, Line 6)

39.   The testimony of James Brassell at his 2004 Examination on October 22, 2014 is as follows:

Derek A. Henderson, PriorityOne Bank's attorney questioned:

Q   All right. And then the next check is 1024, and that check is made out to Jim Brassell, which I'm assuming is you, correct?

A   Um-Hum (affirmative response).

9

Q   Do you go by "Jim" also?

A   Right

Q   And it's $13,281.

A   Um-Hum (affirmative response).

Q   And it was March 4th of 2014. Can you tell me what that check was for?

A   Yeah. I think it was something to do with an auto purchase, automobile purchase. She's reimbursing me.

Q   Would you explain a little bit more about that, by reimbursing you?

A   I think I wrote a check for two cars' down payment, and she was giving her part back or something.

Q   Okay. Who is driving the cars?

A   I'm driving one. She's driving the other, I guess. I guess that's what that was for.

Q   It was in March of this year. Does that ring a bell?

A   Yeah.

Q   And then the next check is 1025, and it's also made out to – it says "Tag" so that might make sense for the car. It's $301.47.

A   Um-hum (affirmative response).

Q   Is that just paying you back?

A   I think so, yeah. I think I went and got a tag.

Q   Okay. Is this a tag for Judy's car she is paying you back for?

A   Yes.

(Page 48, Line 4 through Page 49, Line 15).

    40.    The Ford Truck is not listed as an asset on Schedule B, nor is it listed on the Statement of Financial Affairs Question No. 14 - Property Held for Another

Person.

## II. FAILURE TO DISCLOSE INCOME AND EXPENSES

A. **Commission Income**

41. That on March 25, 2014, Judy Hall received a commission for a real estate transaction in the amount of $31,740.00. These funds were not deposited into the Debtor-In-Possession account but rather into *The Estate of Betty M. Brassell* account.

B. **Brassell Estate**

42. In reviewing the complete accounting of *The Betty M. Brassell Estate* account **Exhibit "K"**, one can see that the Halls used the estate account as their personal account by making payments to various doctors, attorneys, and other third parties[6]. No Chancery Court approval, nor Bankruptcy Court approval was given for these disbursements.

C. **Earline Wolfe Greynolds Trust and Maxine M. Brassell Trust**

43. That on February 28, 2014, Judy Hall received a wire from the Maxine M. Brassell Trust in the amount of $92,832.14. These funds were not deposited into the Debtor-In-Possession account but rather into *The Estate of Betty M. Brassell* account

44. That on March 4, 2014, Judy Hall received an incoming wire from the Earline Wolfe Greynolds Trust in the amount of $336,616.67. These funds were not deposited into the Debtor-In-Possession account but rather into *The Estate of Betty M. Brassell* account.

45. That Judy Hall has failed to explain why she did not deposit these funds into an account in her name, even if she did not deposit them into her DIP account.

D. **Riverwind Construction, Inc.**

46. The following is a listing of checks from the Riverwind Construction, Inc. bank

---

[6] These expenditures on behalf of the Halls, plus any others from other accounts would qualify as constructive distributions and would directly impact the amount that should have been paid to the U.S. Trustee's Office during the pendency of the Chapter 11.

11

account located at Renasant Bank that were made payable to Danny or Judy Hall that were not reported on the Monthly Operating Reports filed with the Court:

| Date | Check No. | Payee | Amount | Note |
|---|---|---|---|---|
| 12/16/11 | ck. no. __ | Danny Hall | $1,000.00 | "Draw" |
| 04/02/12 | ck. no. 1235 | Danny Hall | $ 703.31 | |
| 05/25/12 | ck. no. 1353 | Judy Hall | $ 650.00 | |
| 09/11/12 | ck. no. 1574 | Danny Hall | $ 403.31 | |
| 11/09/12 | ck. no. 1645 | Danny Hall | $ 806.62 | |
| 03/13/13 | ck. no. 1919 | John Dongieux | $ 500.00 | "Work on Brassell Estate" |
| 03/31/13 | ck. no. 1916 | Hall Enterprises | $ 403.31 | |
| 05/06/13 | ck. no. 1929 | Danny Hall | $2,000.00 | |
| 05/07/13 | ck. no. 1932 | Danny Hall | $ 806.62 | |
| 05/13/13 | ck. no. 1933 | Judy Hall | $ 500.00 | |
| 06/21/13 | | Danny Hall | $5,000.00 | |
| 07/03/13 | ck. no. 1942 | Hall Enterprises | $ 806.32 | |
| 10/18/13 | | Danny Hall | $2,500.00 | |

47. The greatest disbursement of money through Riverwind Construction, Inc. on a monthly bases occurred by use of debit[7] cards. The Trustee is unable at the time this Complaint is filed to identify whether these debits which appear to be of a personal nature are those of Danny and Judy Hall or those of James Brassell, who owned a fifty (50%) percent interest in this company. The Trustee will supplement this allegation upon completion of all discovery.

48. It is believed that the amount of expenditures that may have been made on behalf of Danny and Judy Hall are a significant amount based on the total monthly disbursements[8] made out of the Riverwind Construction, Inc.

## COUNT I

**Danny and Judy Hall are not entitled to a discharge pursuant to 11 U.S.C. §727(a)(2)(B).**

49. The Trustee incorporates and re-alleges herein by reference the allegations of

---

[7] A sampling of what the debit card was used for were things such as: Beau Rivage, purchases of gas, groceries, fast food, Comcast, Clarion-Ledger, Walgreens, CVS, Dollar General Store, Bass Pro, restaurants and Wine and Spirits.

[8] The monthly disbursements range from $17,000.00 to $100,000.00. These total amounts do include disbursements that appear to be for business purposes.

12

paragraphs 1-48 above.

50. As set out above, Judy and Danny Hall concealed and transferred assets of the Bankruptcy Estate when the bankruptcy petition was filed, during the pendency of the Chapter 11, at the time the case was converted to a Chapter 7, and after the conversion to Chapter 7.

51. As set out above, Judy and Danny Hall willfully concealed with an intent to hinder, delay or defraud creditors and officers of the estate, property of the estate, after the date of the filing of the Petition.

52. That Danny and Judy Hall have also transferred and removed property of the estate, after the date of the filing of the Petition, with the intent to hinder, delay or defraud creditors and officers of the estate.

53. That Danny and Judy Hall knowingly and fraudulently failed to disclose in the Monthly Operating Reports filed with the Court any interest in the *Estate of Betty M. Brassell*, income generated during the pendency of the Chapter 11 and the interest in the *Earline Wolfe Greynolds Trust* dated October 21, 1998 and the *Maxine M. Brassell Trust* dated October 21, 1998.

54. That the Trustee requests the Court to enter a judgment that Danny and Judy Hall are not entitled to their discharge pursuant to 11 U.S.C. §727(a)(2)(B).

## COUNT II

**Danny and Judy Hall are not entitled to a discharge pursuant to 11 U.S.C. §727(a)(4)(A).**

55. The Trustee incorporates and re-alleges herein by reference paragraphs 1-54 above.

56. Danny and Judy Hall signed their Bankruptcy Schedules and Statement of Financial Affairs, under the penalty of perjury, knowing that their interest in the *Estate of Betty M. Brassell* was not disclosed.

13

57. That on October 25, 2011, the United States Trustee's office conducted a 341(a) hearing. Danny and Judy Hall, after being sworn in, testified as follows:

Ronald H. McAlpin, Assistant United States Trustee, questioned:

Q    Did the two of you furnish the information contained in the petition, Schedules and Statement of Financial Affairs to Mr. Geno's office so those documents could be prepared?

A    (Judy Hall speaking.)    We did.

A    (Danny Hall speaking.)    We did.

Q    And are each of you personally familiar with the information that's contained in those documents?

A    (Judy Hall speaking.)    Yes.

A    (Danny Hall speaking.)    Yes.

Q    Did the two of you sign those documents on the dates indicated therein?

A    (Judy Hall speaking.)    Yes.

A    (Danny Hall speaking.)    Yes.

Q    And did you review the documents before you signed them?

A    (Judy Hall speaking.)    We did.

A    (Danny Hall speaking)    Yes.

Q    And do any of those document, to your knowledge, contain any errors or omissions?

A    (Judy Hall speaking.)    Not to our knowledge.

A    (Danny Hall speaking.)    No.

Q    Okay. To the best of your knowledge, do the schedules disclose all of your assets and liabilities?

A (Judy speaking.) Yes.

Q You've got to answer verbally.

A (Danny Hall speaking.) Yes. Yes.

Q Okay. And to the best of your knowledge, is everything in those documents true and correct?

A (Judy Hall speaking.) Yes.

A (Danny Hall speaking) Yes.

(Page 4, Line 14 through page 5, Line 22)

58. That on April 25, 2014, after the case was converted, the Chapter 7 Trustee conducted another 341(a) hearing. Judy Hall testified under oath as follows:

Eileen N. Shaffer, Chapter 7 Trustee questioned:

Q And, Mrs. Hall, did you review your schedules with your attorney?

A I did.

Q Is everything true and correct?

A It is.

Q Did you list all of your debts and all of your assets?

A I did.

(Page 3, Line 25 through Page 4, Line 8)

59. Later in the testimony, Judy Hall testified as follows:

Q Okay. Did you list all of your debts and all of your assets?

A I did.

Q And did you sign the bankruptcy schedules?

A I did.

Q And are you familiar with the information contained in them?

15

A Yes.

Q And are you aware of any changes to be made?

A No.

(Page 5, Lines 3-13)

60. That Danny Hall's 341(a) hearing was held on May 23, 2014 as he did not have the required identification to attend the 341(a) hearing held on April 25, 2014. At that time, Danny Hall testified under oath as follows:

Eileen N. Shaffer, Chapter 7 Trustee questioned:

Q Did you review your schedules with your attorney?

A Yes.

Q Is everything true and correct?

A Yes.

Q Did you list all of your debts and all of your assets?

A Yes.

(Page 3, Line 19 through Page 4, Line 1)

61. That Danny and Judy Hall signed under the penalty of perjury, numerous Monthly Operating Reports that failed to disclose assets, income and expenditures.

**WHEREFORE, PREMISES CONSIDERED,** Eileen N. Shaffer, Trustee respectfully requests that this Court enter an Order denying the Discharge of Danny Hall and Judy Hall pursuant to 11 U.S.C. §§727(a)(2)(B) and 727(a)(4)(A) and further prays for any and all other relief as is deemed just.

Respectfully submitted,

By: _____
EILEEN N. SHAFFER

16

EILEEN N. SHAFFER, MSB #1687
Post Office Box 1177
Jackson, Mississippi 39215-1177
Ph:   (601) 969-3006; Fax: (601) 949-4002
Email: enslaw@bellsouth.net